USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EDISON FLORES,

                Petitioner,

        -v-

OFFICER IN CHARGE, BUFFALO FEDERAL
DETENTION FACILITY,

                Respondent.

-------------------------------------------------------------X

No. 11 Civ. 7977 (RA)

<u>OPINION AND ORDER</u>

RONNIE ABRAMS, United States District Judge:

    *Pro se* petitioner Edison Flores brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for sexual abuse and endangering the welfare of a child on the grounds that he was denied effective assistance of counsel. For the following reasons, the petition is dismissed without prejudice as unexhausted.

## BACKGROUND

    Following a non-jury trial in New York State Supreme Court, Flores was convicted of two counts of sexual abuse in the first degree and one count of endangering the welfare of a child, all relating to his conduct with his minor step-granddaughter S.S.[1] Although defense counsel cross-examined the People's witnesses and argued on Flores's behalf during an opening statement and summation, it did not present any affirmative evidence at trial. On January 29, 2009, Flores was sentenced to concurrent prison terms of three and one-half years for each sexual-abuse count and one year for endangering the welfare of a child, as well as ten years of post-release supervision. Flores filed a direct appeal to the New York Appellate Division, First

---

[1]    Pursuant to New York Civil Rights Law § 50-b, the identity of a victim of sexual assault shall be treated as confidential.

Department, challenging his conviction on the grounds that he was denied effective assistance of counsel. Specifically, he argued that his trial counsel "effectively conceded [his] guilt of all counts charged before and throughout the bench trial, and made no effort to subject the People's case to meaningfully adversarial testing." (Pet'r's Br. 15.)

On May 25, 2010, the Appellate Division held that Flores's claim was "unreviewable on direct appeal because it involve[d] matters outside the record concerning defense counsel's choice of trial strategy" and dismissed his appeal. People v. Flores, 900 N.Y.S.2d 647, 647 (App. Div. 2010). In so doing, it further noted that, "[a]lthough the present, unexpanded record is not conclusive on the matter, it suggests that defendant agreed with the very actions of counsel about which he now complains. In any event, defendant has not demonstrated "'the absence of strategic or other legitimate explanations' for the manner in which counsel conducted the trial." Id. (citation omitted). On June 9, 2010, Flores sought leave to appeal to the New York Court of Appeals, which denied his application without opinion on August 18, 2010. People v. Flores, 15 N.Y.3d 804 (2010). The instant petition, dated October 31, 2011, was filed with the Court on November 4, 2011.[2]

## DISCUSSION

"[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (alterations in original)). In New York, "[t]o properly

---

[2] Flores has attached the appellate brief he submitted on his appeal to the New York Appellate Division to his habeas petition but cites no other grounds on which he is seeking relief in the petition. The Court thus treats the arguments made in that brief as the basis for which he is seeking habeas relief and references "Pet'r's Br." accordingly.

exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division." Anthoulis v. New York, No. 11 Civ. 1908 (BMC), 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012) (citing Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003)).

As noted above, the Appellate Division concluded that Flores's ineffective-assistance-of-counsel claim was "unreviewable on direct appeal" because it related to matters outside the record, Flores, 900 N.Y.S.2d at 647, thus requiring him to raise the claim in a § 440.10 motion to vacate judgment. Having failed to do so, Flores has not properly exhausted his claim in state court. See, e.g., Polanco v. Ercole, No. 06 Civ. 1721 (RMB) (DFE), 2007 WL 2192054, at *6-7 (S.D.N.Y. July 31, 2007) (dismissing habeas petition claiming ineffective assistance of counsel as unexhausted where Appellate Division had determined on direct appeal that claim relied on evidence outside the record and petitioner had not filed a § 440.10 motion); Butti v. Supt. Gowanda Corr. Facility, No. 99 Civ. 1667 (DLC), 2000 WL 280039, at *3 (S.D.N.Y. Mar. 14, 2000) (same).

Where a claim has not been exhausted, the federal court may dismiss the action without prejudice to the refiling of a habeas corpus petition, see, e.g., Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996), or the action "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Although the Antiterrorism and Effective Death Penalty Act of 1996 "does not set out a standard for denying an unexhausted claim on the merits, and neither the Supreme Court nor the Second Circuit has established one," it has been noted that "[t]he various formulations bandied about in

the Second Circuit's district courts have the common thread of disposing of unexhausted claims that are unquestionably meritless. . . . By contrast, state courts must, as a matter of comity, be afforded the opportunity to first pass upon any *habeas* claim that is at least potentially meritorious." Keating v. New York, 708 F. Supp. 2d 292, 299 n.11 (E.D.N.Y. 2010) (collecting cases); see also Rowe v. New York, No. 99 Civ. 12281 (GEL), 2002 WL 100633, at *5 (S.D.N.Y. Jan. 25, 2002) ("[I]t cannot be said that [petitioner's] unexhausted claim of ineffective assistance of counsel is 'so patently meritless that [it is] destined for denial.'" (third alteration in original)). On the current record, the Court cannot conclude that Flores's claim is so plainly meritless.

Ineffective assistance of counsel claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Strickland, the petitioner must first demonstrate that defense counsel's performance was so deficient that it "fell below an objective standard of reasonableness" and second, there must be a "reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." Id. at 688, 694. The Court shares the Appellate Division's view that evaluation of Flores's claim requires further development of the record as to whether his attorney's trial strategy was objectively reasonable. See Rose v. Lundy, 455 U.S. 509, 519 (1982) ("[F]ederal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review."); Powers v. Bartlett, No. 08 Civ. 7733 (DC), 2009 WL 980266, at *4 (S.D.N.Y. Apr. 13, 2009) (denial of habeas petition containing unexhausted claim on merits was "unwarranted . . . because of the undeveloped factual record").

In this case, Flores claims that his trial counsel was ineffective because he "volunteered

that he had no defense to any of the charges"; "effectively sat mute as the witnesses were called"; "never sought to challenge the damning accusations the children made"; and "explicitly endorsed [the complainants'] credibility." (Pet'r's Br. 21-22.) Based on the current record, it is unclear whether professional judgment or "oversight, carelessness, ineptitude, or laziness" motivated counsel's conduct. Eze v. Senkowski, 321 F.3d 110, 112, 136 (2d Cir. 2003) (remanding for hearing for allegedly ineffective counsel to "explain her trial strategy"). Indeed, the need for additional information is illustrated by the fact that Flores is left to speculate about the trial strategy utilized by his attorney. (See Pet'r's Br. 19, 26 & n.7 (suggesting that counsel "appeared" and "seem[ed]" to use the trial as a forum to argue for leniency at sentencing).)

"[S]trategic choices made by counsel after thorough investigation . . . are virtually unchallengeable, and there is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005) (internal quotation marks and citation omitted) (alteration in original)). Nonetheless, based on the present record, the Court cannot determine whether Flores's trial counsel's course of action was based on reasonable professional judgment. See Eze, 321 F.3d at 112-13 (noting certain omissions by trial counsel were of "serious concern" but that the court "lack[s] the benefit of an explanation of [petitioner's] trial counsel's reasoning and cannot conclude now that no plausible trial strategy justified [counsel's] actions") (citing Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998)). Thus, the Court concludes that Flores's claim is not "unquestionably meritless" such that it would be appropriate to deny it on the merits.

## CONCLUSION

For the foregoing reasons, the petition is dismissed without prejudice for failure to exhaust its sole claim. Because Flores has not made a substantial showing of the denial of a constitutional right, appellate review is not warranted. See 28 U.S.C. § 2253(c)(2); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998). Pursuant to 28 U.S.C. § 1915(a)(3), the Court further finds that any appeal of this Opinion and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to dismiss the petition and close the case.

SO ORDERED.

Dated:   April 17, 2014
         New York, New York

Ronnie Abrams
United States District Judge